LAW OFFICES OF MICHAEL D. SCHULMAN
MICHAEL D. SCHULMAN, ESQ., SBN 137249
18757 Burbank Blvd., Suite 310
Tarzana, CA 91356-3375
(818) 999-5553
(818) 999-5570
mike@schulmanlawoffices.com

Attorneys for CITIBANK N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL KLAUSLER, | CASE NO.: |
| Plaintiff, | NOTICE OF REMOVAL BY DEFENDANT |
| v. | Pursuant to 28 U.S.C. Section 1331 |
| CITIBANK N.A., and DOES 1 through 10, inclusive, | (Federal Question) |
| Defendants. | |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTEAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. Sections 1331, 1441(b) and Section 1446 of Title 28 of the United States Code, defendant CITIBANK N.A. ("Defendant") hereby removes the action entitled <u>Michael Klausler v. Citibank, N.A.</u>, Superior Court of the State of California for the County of Ventura, Main Courthouse, Case No. 56-2015-00469904-CL-MC-VTA (the "Action"), filed by plaintiff, Michael Klausler ("Plaintiff"), to the United States District Court for the Central District of California on the following grounds:

1.    On or about August 11, 2015, Defendant received service of Plaintiff's Summons and Complaint. True and correct copies of the Plaintiff's Summons and Complaint, purportedly served on Defendant, is attached hereto as Exhibit "1".

2.    Defendant has timely filed this Notice of Removal within thirty days of the purported service of the Summons and Complaint.  See 28 U.S.C. § 1446(b).

**FEDERAL QUESTION**

3.    The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. Section 1441, in that Plaintiff alleges violation of the Rosenthal Fair Debt Collection Practices Act; violation of the Fair Debt Collection Practices Act and violation of the Electronic Funds Transfer Act, claims that are created by, and arise under, federal law.  To the extent any other claims in the Action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. Sections 1367 and 1441(c).

4.    This Court is the proper district court for removal because the Superior Court of California, County of Ventura, Main Courthouse, is located within the United States District Court for the Central District of California, Western Division.

5.    True and correct copies of all pleadings, process, and orders served upon Defendant in the Action are attached in composite as Exhibit "2".

6.    A true and correct copy of Defendant's Answer to Complaint, served upon Plaintiff in the Action is attached hereto as Exhibit "3".

7.    Defendant simultaneously is filing a copy of this Notice of Removal with the Superior Court of the State of California for the County of Ventura, Main Courthouse, Limited Civil. Defendant will serve Plaintiff with copies of this Notice of Removal and the Notice filed in state court.

8.  By virtue of this Notice of Removal of Action and the Notice filed in the Action, Defendant does not waive its rights to assert any personal jurisdictional defense or other motions including Rule 12 motions and/or motions to compel arbitration permitted by the Federal Rules of Civil Procedure.

DATED: September 10, 2015   LAW OFFICES OF MICHAEL D. SCHULMAN

By _____

MICHAEL D. SCHULMAN
Attorneys for CITIBANK N.A.

EXHIBIT "1"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

VENTURA SUPERIOR COURT

**FILED**

JUL 1 0 2015

MICHAEL D. PLANET
Executive Officer and Clerk
BY: LESLIE PARAMO , Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITIBANK, N.A.; and DOES 1 to 20, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAEL KLAUSLER

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of Ventura | CASE NUMBER: *(Número del Caso):* 56-2015-00469904-CL-MC-VTA |
|---|---|

800 South Victoria Avenue
Ventura, California 93009

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd Friedman, 324 S. Beverly Drive, Suite 725, Beverly Hills, CA 90212, 877-206-4741

| DATE: JUL 1 0 2015 *(Fecha)* | Michael D. Planet | Clerk, by *(Secretario)* | LESLIE PARAMO | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [✓] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

VENTURA SUPERIOR COURT

**FILED**

JUL 1 0 2015

MICHAEL D. PLANET
Executive Officer and Clerk
BY:_____, Deputy

**LESLIE PARAMO**

Todd M. Friedman (216752)
Arvin Ratanavongse (257619)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Dr., Suite 725
Beverly Hills, CA 90212
Phone: 310-776-6657
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
Aratanavongse@toddflaw.com
Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF VENTURA

| | |
|---|---|
| MICHAEL KLAUSLER,<br><br>Plaintiff,<br><br>vs.<br><br>CITIBANK, N.A.; and DOES 1 to 20, INCLUSIVE,<br><br>Defendant. | Case No. 56-2015-00469904-CL-MC-VTA<br><br>**COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ELECTRONIC FUNDS TRANSFER ACT**<br><br>**(Amount not to exceed $10,000)**<br><br>1. Violation of Rosenthal Fair Debt Collection Practices Act<br>2. Violation of Fair Debt Collection Practices Act<br>3. Violation of Electronic Funds Transfer Act<br><br>**DEMAND FOR JURY TRIAL** |

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive,

1  deceptive, and unfair practices. This is also an action for violations of the Electronic Funds
2  Transfer Act, 15 U.S.C. § 1693, *et seq.* (hereinafter "EFTA").

3                                    **II. PARTIES**

4        2.        Plaintiff, MICHAEL KLAUSLER ("PLAINTIFF"), is a natural person residing
5  in Ventura County in the state of California, and is a "consumer" as defined by the FDCPA, 15
6  U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7        3.        At all relevant times herein, Defendant, CITIBANK, N.A., ("Defendant") was a
8  company engaged, by use of the mails and telephone, in the business of collecting a debt from
9  Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer
10  debt," as defined by Cal. Civ. Code §1788.2(f).  Defendant regularly attempts to collect debts
11  alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15
12  U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

13        4.        Plaintiff does not know the true names and capacities, whether corporate,
14  partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 20,
15  inclusive, and therefore names said Defendants under provisions of Section 474 of the
16  California Code of Civil Procedure

17        5.        Plaintiff is informed and believes, and on that basis alleges that Defendants Does
18  1 through 20 are in some manner responsible for acts, occurrences and transactions set forth
19  herein and are legally liable to Plaintiff.

20        6.        At all times mentioned, each of the defendants, whether actually named or
21  fictitiously named, was the agent of the other defendants, whether actually named or fictitiously
22  named, and each other and was at all times acting within the purpose and scope of such agency.
23  Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein
24  each defendant, whether actually or fictitiously named was the principal, agent or employee of
25  each other defendant, and in acting as such principal, or within the course and scope of such
26  employment or agency, took some part in the acts and omissions hereinafter set forth by reason
27  of which each defendant is liable to plaintiff for the relief prayed for herein. At all times
28  relevant herein, defendants ratified the unlawful conduct of the other defendants, who were

acting within the scope of their agency or employment, by accepting the benefits of the transaction(s) with knowledge of the wrongdoing, or otherwise by failure to repudiate the misconduct.

### III. FACTUAL ALLEGATIONS

7.   Plaintiff closed his account with Directv.

8.   Directv withdrew funds from Plaintiff's account on three separate occasions, bringing Plaintiff's balance to zero after each withdrawal.

9.   After Directv's first withdrawal, Plaintiff notified Defendant that the withdrawal was unauthorized, but Defendant refused to do anything.

10.   Directv withdrew one hundred twenty-nine dollars ($129.00) the first time, one hundred thirty dollars ($130.00) the second time, and one hundred eighty-nine dollars ($189.00) the third time, totally four hundred forty-eight dollars ($448.00).

11.   As a result of these unauthorized withdrawals and Defendant's inactions, Plaintiff received an NSF fee from the bank after each of Directv's withdrawals.

12.   Plaintiff's checks were bounced because of the unauthorized withdrawals.

13.   Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Falsely representing the character, amount, or legal status of Plaintiff's debt, (§ 1692e(2)(A));

   b) Falsely representing to Plaintiff that services were rendered or that compensation maybe lawfully received by Defendant for collection of Plaintiff's debt, (§ 1692e(2)(B));

   c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, (§ 1692e(10); and

   d) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f).

14.   Defendant's conduct violated the Electronic Fund Transfer Act by:

   a) Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be

authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

15.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged herein.

16.    Defendant violated the RFDCPA by collecting or attempting to collect from Plaintiff the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, where such fees or charges are not permitted by law (Cal. Civ. Code § 1788.14(b)).

WHEREFORE, Plaintiff, MICHAEL KLAUSLER, respectfully requests judgment be entered against Defendant, for the following:

1.    Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.*;

2.    Actual damages;

3.    Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.*; and

4.    Any other relief that this Honorable Court deems appropriate.

## COUNT II: DEFENDANT VIOLATED THE FAIR DEBT
## COLLECTION PRACTICES ACT

17.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged herein.

18.    Defendant violated the FDCPA based on the following:

a)    Falsely representing the character, amount, or legal status of Plaintiff's debt, (§ 1692e(2)(A));

b)    Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f)

WHEREFORE, Plaintiff, MICHAEL KLAUSLER, respectfully requests judgment be entered against Defendant, for the following:

1.     Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

2.     Actual damages;

3.     Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*; and

4.     Any other relief that this Honorable Court deems appropriate.

### COUNT III: DEFENDANT VIOLATED THE
### ELECTRONIC FUND TRANSFER ACT

19.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged herein.

20.     Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

21.     Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

22.     Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer.  The person that obtains the authorization shall provide a copy to the consumer."

23.     Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization."  *Id.* at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

24.     In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without obtaining a written authorization signed or similarly authenticated from

1   Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating

2   Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12

3   C.F.R. § 205.10(b).

4        25.    In multiple instances, Defendant has debited Plaintiff's bank account on a

5   recurring basis without providing to Plaintiff a copy of a written authorization signed or

6   similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's

7   account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section

8   205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

9        WHEREFORE, Plaintiff, MICHAEL KLAUSLER, respectfully requests judgment be

10   entered against Defendant for the following:

11        1.    Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer

12        Act, §916(a)(2)(A);

13        2.    Actual damages;

14        3.    Costs and reasonable attorneys' fees pursuant to the Electronic Fund

15        Transfer Act, §916(a)(3); and

16        4.    Any other relief that this Honorable Court deems appropriate.

17

18   **DEMAND FOR JURY TRIAL**

19   Plaintiff, MICHAEL KLAUSLER hereby demands a trial by jury on all claims.

20        Respectfully submitted this 7th day of July, 2015.

21

22        By:

23        Todd M. Friedman, Esq.

24        Arvin Ratanavongse, Esq.
     **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
     Attorneys for Plaintiff

25

26

27

28

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Todd M. Friedman, Esq. SBN 216752, Arvin Ratanavongse, Esq. SBN 257619
Law Offices of Todd M. Friedman
324 S. Beverly Drive, Suite 725
Beverly Hills, CA 90212
TELEPHONE NO.: 877-206-4741  FAX NO.: 866-633-0228
ATTORNEY FOR *(Name):* Plaintiff, Michael Klausler
SUPERIOR COURT OF CALIFORNIA, COUNTY OF Ventura
STREET ADDRESS: 800 South Victoria Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Ventura, California 93009
BRANCH NAME: Ventura - Hall of Justice

CASE NAME:
Michael Klausler v. Citibank, N.A., et. al.

**FOR COURT USE ONLY**

VENTURA SUPERIOR COURT
FILED

JUL 1 0 2015

MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____, Deputy
LESLIE PARAMO

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 56-2015-00469904-CL-MC-VTA |
|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) ☑ Limited (Amount demanded $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☑ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. ☐ Large number of separately represented parties
 b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. ☐ Substantial amount of documentary evidence
 d. ☐ Large number of witnesses
 e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 3
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 7, 2015
Todd M. Friedman, Esq.
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer*
    *or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-*
    *domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
  *above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
    *harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified*
  *above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

EXHIBIT "2"

Todd M. Friedman (216752)
Arvin Ratanavongse (257619)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Dr., Suite 725
Beverly Hills, CA 90212
Phone: 310-776-6657
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
Aratanavongse@toddflaw.com
Attorneys for Plaintiff

VENTURA SUPERIOR COURT
**FILED**

JUL 1 0 2015

MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____, Deputy
**LESLIE PARAMO**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF VENUTRA

| | |
|---|---|
| MICHAEL KLAUSLER, | Case No   56-2015-00469904-CL-MC-VTA |
| Plaintiff, | **DEMAND FOR JURY TRIAL** |
| vs, | |
| CITIBANK, N.A.; and DOES 1 to 20, INCLUSIVE, | |
| Defendant. | |

NOTICE IS HEREBY GIVEN that Plaintiff, MICHAEL KLAUSLER, hereby

demand(s) trial by jury in the above-entitled matter.

Dated: July 7, 2015        **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By: _____
Todd M. Friedman, Esq.
Arvin Ratanavongse, Esq.
Attorneys for Plaintiff

DEMAND FOR JURY TRIAL



# SUPERIOR COURT OF CALIFORNIA

### COUNTY OF VENTURA

**Superior Court of California, County of Ventura**

800 South Victoria Avenue
Ventura, CA 93009

### PAYMENT RECEIPT

Receipt #: 9990563423

**Clerk ID:** lparamo          **Transaction No:** 1529572          **Transaction Date:** 07/21/2015          **Transaction Time:** 12:36:35 PM

| Case Number | Fee Type | Qty | Fee Amounts | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 56-2015-00469904-CL-MC-VTA | 170 - Complaint or other 1st paper <=$10K | 1 | $225.00 | $225.00 | $225.00 | $0.00 |

|  |  |
|---|---|
| Sales Tax: | $0.00 |
| Total: | $225.00 |

**Total Rem. Bal:** $0.00

Check Number(s): 1007

|  |  |
|---|---|
| Check: | $225.00 |
| Total Amount Tendered: | $225.00 |
| Change Due: | $0.00 |
| Balance: | $0.00 |

www.ventura.courts.ca.gov    Our Court is here for the people we serve.

## ORIGINAL

Page: 1

**POS-015**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Todd M. Friedman, Esq. SBN 216752, Arvin Ratanavongse, Esq. SBN 257619
Law Offices of Todd M. Friedman
324 S. Beverly Drive, Suite 725
Beverly Hills, CA 90212
TELEPHONE NO. 877-206-4741          FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff, Michael Klausler

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Ventura
STREET ADDRESS 800 South Victoria Avenue
MAILING ADDRESS:
CITY AND ZIP CODE Ventura, California 93009
BRANCH NAME Ventura - Hall of Justice

PLAINTIFF/PETITIONER: Michael Klausler

DEFENDANT/RESPONDENT: Citibank, N.A., et. al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 56-2015-00469904-CL-MC-VTA |
|---|---|

TO *(insert name of party being served)*: Citibank, N.A.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 28, 2015

Jennifer Shaouli
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☐  A copy of the summons and of the complaint.
2. ☐  Other *(specify)*:

*(To be completed by recipient):*

Date this form is signed:

8/11/2015
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *Elizabeth A Barnette*
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Citibank, N.A.
Vice President

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

EXHIBIT "3"

LAW OFFICES OF MICHAEL D. SCHULMAN
MICHAEL D. SCHULMAN, ESQ.  SBN 137249
18757 Burbank Blvd., Suite 310
Tarzana, CA  91356-3375
Telephone: (818) 999-5553
Fax : (818) 999-5570
mike@schulmanlawoffices.com

Attorneys for Citibank, N.A.

VENTURA
SUPERIOR COURT
FILED

SEP 10 2015

MICHAEL D. PLANET
Executive Officer and Clerk
BY:_____, Deputy
LYDIA GONZALEZ

VIA FAX

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

MAIN COURTHOUSE, LIMITED CIVIL CASE

| | |
|---|---|
| MICHAEL KLAUSLER, | CASE NO. 56-2015-00469904-CL-MC-VTA |
| Plaintiff, | ANSWER OF CITIBANK, N.A. TO COMPLAINT |
| vs. | |
| CITIBANK N.A., and DOES 1 through 20, inclusive | |
| Defendants. | |

Defendants, Citibank, N.A. (the "Bank"), for itself alone and for no other defendant or defendants, answers in response to Plaintiff's Michael Klausler's ("Plaintiff") Complaint on file herein as follows:

1. Under and in accordance with the provisions of Section 431.30 of the California Code of Civil Procedure, the Bank denies, both generally and specifically, each and every allegation contained in each paragraph of the Complaint and the Bank expressly denies that Plaintiff is entitled to recover from the Bank any sum or sums whatsoever.

## FIRST AFFIRMATIVE DEFENSE

2.   Plaintiff's claims are subject to binding arbitration, upon election of either party, pursuant to the arbitration agreement contained in the written terms and conditions governing Plaintiff's credit card account.  The Bank reserves its right to elect arbitration of this dispute pursuant to such arbitration agreement.

## SECOND AFFIRMATIVE DEFENSE

3.   The Complaint fails to state facts sufficient to constitute a cause of action against the Bank.

## THIRD AFFIRMATIVE DEFENSE

4. If the Plaintiff suffered or sustained any loss or damage, the same was directly and proximately caused and contributed to by the conditions and hazards of which Plaintiff is well aware and assumed the risks thereof.

## FOURTH AFFIRMATIVE DEFENSE

5. Plaintiff, by the exercise of diligence, could have mitigated against the damages alleged in the Complaint; therefore, the damages, if any, suffered by Plaintiff, must be reduced, diminished or defeated by such amounts as should have been mitigated by him.

## FIFTH AFFIRMATIVE DEFENSE

6. Plaintiff has come to the Court with unclean hands and is not entitled to any affirmative relief from this Court.

## SIXTH AFFIRMATIVE DEFENSE

7.   Plaintiff is estopped from asserting any obligation of the Bank by Plaintiff and/or Plaintiff's agents' own conduct.

## SEVENTH AFFIRMATIVE DEFENSE

8. Liability owed to Plaintiff, if any, is owed by parties other than the Bank.

## EIGHTH AFFIRMATIVE DEFENSE

9. Plaintiff consented to and approved all of the acts and omissions about which he now complains.

2

1

### NINTH AFFIRMATIVE DEFENSE

2       10.   If Plaintiff suffered or sustained any loss, injury, damage or detriment, the

3   same was directly and proximately caused and contributed to by the breach, conduct,

4   acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional

5   misconduct of Plaintiff and not the Bank.

6

### TENTH AFFIRMATIVE DEFENSE

7       11.   The Bank contends that Plaintiff is not entitled to any damages from the

8   Bank due to improper joinder.

9

### ELEVENTH AFFIRMATIVE DEFENSE

10       12.   The Bank specifically denies that it acted with any oppression, fraud or

11   malice towards Plaintiff or others.

12

### TWELFTH AFFIRMATIVE DEFENSE

13       13.   If the Bank is determined to have any liability to the Plaintiff, the amount of

14   such liability, if any, is subject to setoff of the amounts owed by Plaintiff to the Bank.

15

### THIRTEENTH AFFIRMATIVE DEFENSE

16       14.   The Bank is immune, in whole or in part, from Plaintiff's claims.

17

### FOURTEENTH AFFIRMATIVE DEFENSE

18       15.   Plaintiff's claims are pre-empted, in whole or in part.

19

### FIFTEENTH AFFIRMATIVE DEFENSE

20       16.   Plaintiff is precluded from asserting any obligation of the Bank due to

21   Plaintiff's failure to comply with conditions precedent.

22

### SIXTEENTH AFFIRMATIVE DEFENSE

23       17.   The Bank's conduct was privileged at all relevant times.

24

### SEVENTEENTH AFFIRMATIVE DEFENSE

25       18.   The acts and conduct of Plaintiff and/or Plaintiff's agents precluded and

26   interfered with any such acts or conduct required to be performed on the part of the

27   Bank.

28

1    <u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

2        19.   The Bank contends that Plaintiff's Complaint and each cause of action

3    contained therein, is barred by applicable statute of limitations.

4    <u>NINETEENTH AFFIRMATIVE DEFENSE</u>

5        20.   The Bank reserves the right to assert additional and/or further affirmative

6    defenses during the course of this litigation as such become known throughout the

7    course of this litigation.

8        WHEREFORE, the Bank prays for judgment against Plaintiff as follows:

9        1.   That Plaintiff take nothing by way of his Complaint;

10       2.   That the Bank be awarded its attorney fees, costs and disbursements

11   incurred herein;

12       3.   For such other and further relief as this Court deems just and proper.

13   DATED: September 16, 2015    LAW OFFICES OF MICHAEL D. SCHULMAN

14

15                          By   _____

16                               Michael D. Schulman
                                 Attorneys for Citibank, N.A.

17

18

19

20

21

22

23

24

25

26

27

28

4

<u>ANSWER TO COMPLAINT</u>

# PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

     I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 18757 Burbank Blvd., Suite 310, Tarzana, CA 91356-3375.

     On September 10, 2015, I served the document described as: **ANSWER OF CITIBANK, N.A. TO COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Todd M. Friedman, Esq.
Law offices of Todd M. Friedman
3224 S. Beverly Drive, Suite 725
Beverly Hills, CA 90212

  **X**  BY MAIL

     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_  BY PERSONAL DELIVERY.

\_\_\_  BY FACSIMILE DELIVERY.

  **X**  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

\_\_\_  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 10, 2015, at Tarzana, California.


| | |
|---|---|
| _____ | _____ |
| Yvette Montejo | Signature |